# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLADYS PEREZ,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:14-cv-02087-APG-PAL

**ORDER**

(Dkt. ##1, 2, 3)

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is petitioner's *pro se* habeas petition and related motions.

    Petitioner has filed a motion to proceed *in forma pauperis*. (Dkt. #1). Based on the information about petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* will be granted.

    This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

    On the face of the federal petition, petitioner states that her post-conviction habeas petition was denied by the state district court. (Dkt. #1-1, at p. 2). Petitioner further states that she did not appeal the denial of her post-conviction habeas petition. (Dkt. #1-1, at p. 3). A search of the Nevada Appellate Case Management System, C-Track, reveals no appellate case or decision after

the denial of petitioner's post-conviction habeas petition by the state district court.[1] As such, it appears that petitioner's grounds for relief were not exhausted in state court. A federal court will not review a state prisoner's petition for habeas relief until the prisoner has exhausted her available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of her claims before presenting those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Petitioner will be granted an opportunity to demonstrate whether the claims in the federal petition were exhausted in the state courts.

Petitioner has filed a motion for an enlargement of time because of the prison's delay in the processing of her request for an financial certificate and inmate account statement. (Dkt. #2). It appears that petitioner intends her motion to be a request for the Court to find that her federal petition was timely filed. While there was a delay in the Court's receipt of petitioner's financial certificate and inmate account statement, which were filed on June 10, 2015, this will not be held against petitioner with respect to the AEDPA statute of limitations. The date that the petition was dispatched to the Court for mailing is deemed the date of filing of the petition. *See Houston v. Lack,* 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). At this time, the Court makes no finding as to the timeliness of the federal petition under the AEDPA statute of limitations, given that the grounds of the petition appear to be unexhausted. To the extent that petitioner's motion for enlargement seeks a determination that the federal petition was timely, the motion is denied. To the

---

[1] This information was retrieved from the Nevada Appellate Case Management System, C-Track, at http://caseinfo.nvsupremecourt.us/public/caseSearch.do, (last visited on September 28, 2015).

extent that petitioner's motion seeks additional time in which to submit a financial certificate and inmate account statement to supplement her *in forma pauperis* application, the motion is denied as moot.

Petitioner has filed a motion for the appointment of counsel. Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). By this order, the Court requires that petitioner demonstrate whether the claims in the federal petition were exhausted in the state courts. Counsel is not required for petitioner to demonstrate whether the claims in the federal petition have been exhausted. Petitioner's motion for the appointment of counsel is denied at this time, without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* **(Dkt. #1) is GRANTED.** Petitioner shall not be required to pay a filing fee to file her habeas corpus petition. The habeas corpus petition shall be **FILED** by the Clerk of Court. The Clerk shall not serve respondents with the habeas corpus petition at this time.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** points and authorities, together with such evidence she may have, that demonstrates whether the claims in the federal petition were exhausted in the state courts. Petitioner's failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that petitioner's motion for enlargement **(Dkt. #2) is DENIED.** To the extent that petitioner's motion for enlargement seeks a determination that the federal petition was timely, the motion is denied. To the extent that petitioner's motion seeks additional time in which to submit a financial certificate and inmate account statement to supplement her *in forma pauperis* application, the motion is denied as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel **(Dkt. #3) is DENIED** without prejudice.

Dated this 28th day of September, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE