UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GLADYS PEREZ,

*Petitioner*,

vs.

STATE OF NEVADA,

*Respondent*.

Case No. 2:14-cv-02087-APG-PAL

ORDER

This habeas matter comes before the Court on a *sua sponte* show-cause inquiry as to whether the petition is subject to dismissal as time-barred.

The Court previously denied petitioner's motion (ECF No. 3) for appointment of counsel without prejudice. In her show-cause response, petitioner raises factual issues and arguments as to equitable tolling and/or delayed accrual that may require further factual development and potentially an evidentiary hearing. Accordingly, the Court *sua sponte* reconsiders its prior denial of petitioner's motion for appointment of counsel without prejudice and finds that the appointment of federal habeas counsel would be in the interests of justice. *See also* Rule 8(c) of the Rules Governing Section 2254 Cases (appointment of counsel mandatory for a financially eligible petitioner if an evidentiary hearing is warranted).

**IT THEREFORE IS ORDERED**, on *sua sponte* reconsideration, that petitioner's motion (ECF No. 3) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

**IT FURTHER IS ORDERED** that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has

entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013). The Court's action herein further is without prejudice to any applicable defenses, including untimeliness, that may be raised by the respondents following the filing of a counseled petition.[1]

**IT FURTHER IS ORDERED**, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk further shall provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

Dated: December 1, 2016.

_____
ANDREW P. GORDON
United States District Judge

---

[1] Counsel for petitioner should note that any counseled amended petition filed must name a proper respondent. As discussed in the show-cause order (ECF No. 8, at 4 n.5), the State of Nevada is not a proper respondent.