# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GLADYS PEREZ,

    Petitioner,

v.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:14-cv-02087-APG-BNW

**ORDER**

(ECF No. 114)

This habeas matter is before me on Respondents' second Motion for Enlargement of Time (ECF No. 114) to file a reply in support of their Motion to Dismiss (ECF No. 34) and respond to Petitioner's Motion for Evidentiary Hearing (ECF No. 111).

Petitioner initiated this case *pro se* in December 2014. (ECF No. 1.) The Court denied without prejudice Petitioner's first motion for appointment of counsel (ECF No. 5), and issued a show cause order requiring Petitioner to explain why the petition should not be dismissed as time-barred (ECF No. 8). Upon reviewing her response (ECF No. 9), the Court appointed counsel in December 2016 (ECF No. 10).

Due to heavy caseloads, district courts enter scheduling orders "to establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). The court's case management efforts "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id.* at 1061. Pursuant to the January 13, 2017 scheduling order (ECF No. 13) entered in this case, Petitioner had 120 days to file an amended petition and/or seek other appropriate relief, Respondents then had 60 days to respond or file a motion to dismiss.

Petitioner's counsel requested and received five extensions of time to amend the petition. (ECF Nos. 15–26.) The counseled First Amended Petition (ECF No. 27) was filed in June 2018—two and a half years after counsel was appointed. After two extensions of the deadline, Respondents filed the pending Motion to Dismiss (ECF No. 34) on January 25, 2019. Petitioner later filed two related, substantive motions: Motion for Discovery (ECF No. 90) and Motion for Evidentiary Hearing (ECF No. 111).

Counsel for both parties has requested and received *numerous* extensions of time related to the pending motions—over 13 months in all. (ECF Nos. 30–33, 37–38, 85–86, 88–89, 93–96, 101–02, 106–07, 112–13.) Given the advancing age of this case, counsel was directed in July 2019 "to prioritize the briefing on this case over later-filed matters, as further extensions of time to brief the motion to dismiss are unlikely to be granted." (ECF No. 107.) Yet, Respondents' counsel has since filed two additional requests for extensions of time. The first requested an extension of 45 days (ECF No. 112), which the court granted (ECF No. 113), and the current motion seeks another 14 days (ECF No. 114).

Respondents' counsel lists filings she completed in nine cases during August and thus far in September. At least four of these matters were filed *after* this action. Counsel provides no reasons why the latter-filed matters were prioritized instead of this case, despite the explicit instruction in the July 2019 order (ECF No. 107). Additionally, the declaration does not show a competing deadline—each filing in the nine cases is now complete. Given the lack of good cause shown, only a brief extension will be allowed. **Further extensions of time are unlikely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence**.

Accordingly, IT IS HEREBY ORDERED that Respondents' Respondents' second Motion for Enlargement of Time (ECF No. 114) is GRANTED IN PART AND DENIED IN PART.  Respondents have until **Thursday, September 26, 2019**, to file reply in support of their motion to dismiss and respond to Petitioner's motion for evidentiary hearing.

Dated:  September 19, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE