# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GLADYS PEREZ,

    Petitioner,

v.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:14-cv-02087-APG-BNW

**ORDER**

(ECF Nos. 122, 124)

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by petitioner Gladys Perez, a Nevada prisoner who is represented by counsel. Perez filed a Motion to Compel Discovery from Attorney Brett Whipple (ECF No. 122) and Motion to Extend Time to Complete Discovery (ECF No. 124). The respondents do not oppose these motions. For the reasons discussed below, the motions are granted.

## **BACKGROUND**

The facts and procedural history of this case are set forth in my September 30, 2019 Order. ECF No. 119. As relevant to the pending motions, I granted Perez's motion for discovery in part, finding that "limited discovery is appropriate to ensure that facts alleged in Perez's tolling claims regarding post-conviction counsel are fully developed." *Id..* at 17:7–8. Thus, I allowed discovery for the following requests:

> *From Brett Whipple, Esq. and/or the Justice Law Center:*
> a. Any part of Perez's file, be it physical or electronic, that remains in Bret Whipple's custody or control, including all incoming and outgoing correspondence. Specifically, Perez seeks the seven boxes of her file that trial counsel gave to Whipple but which Whipple never provided to the FPD. If these boxes no longer exist, Whipple must provide Perez with a written declaration explaining why.

    b. A list of people who worked at or with the Justice Law Center from September 4, 2012, to February 4, 2015, who worked on Perez's case in any capacity. If no such list exists or cannot be complied, Whipple must provide Perez with a written declaration explaining why.

    c. Records detailing the total number of criminal cases handled by the Justice Law Center and Whipple in any court between September 4, 2012, to February 4, 2015, including the number of capital cases handled during that time, and the individual caseloads of each attorney, investigator, paralegal, or legal assistant who worked on Perez's case.

    d. Any billing or time-keeping records detailing how much time each attorney, investigator, paralegal, or legal assistant spent working on Perez's case.

*Id.* at 22:6–23. I ordered that discovery must be completed by January 2, 2020. *Id.* at 23:1.

Perez's motion to compel indicates that Whipple was served with a subpoena on October 4, 2019. Despite counsel's good faith effort to obtain the subpoenaed information, Whipple has only partially complied with the subpoena. After multiple attempts to coordinate with Whipple, he eventually provided eight boxes of case materials to Perez's counsel. But he did not provide any records to satisfy the remainder of the subpoena requests. Nor did he provide a written declaration stating why he was unable to fully comply with the subpoena or assert any objection or privilege. As such, Perez asks me to order Whipple to produce:

    a. Gladys's electronic file, including all incoming and outgoing correspondence;

    b. A list of people who worked at or with the Justice Law Center from September 4, 2012, to February 4, 2015, who worked on Gladys's case in any capacity;

    c. Records detailing the total number of criminal cases handled by the Justice Law Center and Whipple in any court between September 4, 2012, to February 4, 2015, including the number of capital cases handled during that time, and the individual caseloads of each attorney, investigator, paralegal, or legal assistant who worked on Gladys's case.

    d. Any billing or time-keeping records detailing how much time each attorney, investigator, paralegal, or legal assistant spent working on Gladys's case.

*Id.* at 2–3. If Whipple cannot produce a list of individuals who worked on Perez's case, she asks,

2

in the alternative, for Whipple to disclose a list of people who worked at or with the Justice Law Center between September 4, 2012 and February 4, 2015. *Id.*

## **DISCUSSION**

Under Rule 45 of the Federal Rules of Civil Procedure, a nonparty served with a subpoena has three options: (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3). *See also In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014). A district court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). However, in cases of nonparty subpoenas, "the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order." *In re Plise*, 506 B.R. at 879. Should the nonparty fail to comply with the order, the requesting party may move for contempt seeking sanctions. *Id.*

The September 30, 2019 order found that Perez made a showing of good cause to justify obtaining discovery from Whipple. Perez's subpoena requests to Whipple were identical to those I approved. The requests are therefore appropriate and are not being used as a means of harassment. Nor are the requests overbroad or unduly burdensome. I grant the motion to compel. Whipple must fully produce the requested discovery by **January 31, 2020**.

Turning to Perez's motion to extend time to complete discovery, I find compelling circumstances and a strong showing of good cause to grant the request.

I THEREFORE ORDER that:

1. Petitioner Gladys Perez's Motion to Compel Discovery from Attorney Brett Whipple **(ECF No. 122) is GRANTED.**

3

2. Perez must promptly serve Attorney Brett Whipple, pursuant to Rule 4 of the Federal Rules of Civil Procedure, with a copy of this order as well as the September 30, 2019 Order (ECF No. 119) and the subpoena.

3. Attorney Brett Whipple must fully respond to the following requests by **January 31, 2020**:

   a. Perez's electronic file, including all incoming and outgoing correspondence.

   b. A list of individuals who worked at the Justice Law Center from September 4, 2012, to February 4, 2015, who worked on Perez's case in any capacity. If such a list cannot be produced, Whipple must disclose the names of each person who worked at the Justice Law Center between September 4, 2012, to February 4, 2015.

   c. Records detailing the total number of criminal cases handled by the Justice Law Center and Whipple in any court between September 4, 2012, to February 4, 2015, including the number of capital cases handled during that time, and the individual caseloads of each attorney, investigator, paralegal, or legal assistant who worked on Perez's case.

   d. Any billing or time-keeping records detailing how much time each attorney, investigator, paralegal, or legal assistant spent working on Perez's case.

   e. If Whipple is unable to respond to any of these requests, in whole or in part, he must provide Perez with a written declaration explaining why.

I FURTHER ORDER that:

1. Perez's Motion to Extend Time to Complete Discovery **(ECF No. 124) is GRANTED.**

2. Discovery in this case is extended until **February 24, 2020**.

3. In light of this extension, the deadline to file and serve a renewed motion to dismiss is extended until **March 9, 2020**.

All other deadlines and instructions set forth in the September 30, 2019 Order (ECF No. 119) remain in effect.

Dated: January 14, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE