# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GLADYS PEREZ,

        Petitioner,

v.

STATE OF NEVADA, et al.,

        Respondents.

Case No. 2:14-cv-02087-APG-BNW

**ORDER TO SHOW CAUSE WHY BRET WHIPPLE SHOULD NOT BE HELD IN CONTEMPT**

(ECF No. 126)

    This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by petitioner Gladys Perez, a Nevada prisoner who is represented by counsel. Perez filed a Motion for Order to Show Cause Regarding Discovery from Attorney Bret Whipple. ECF No. 126. The respondents do not oppose this motion. For the reasons discussed below, the motion is granted.

**BACKGROUND**

    Prior orders (ECF Nos. 119, 125) set forth the facts and procedural history of this case as well as the current discovery issue involving Bret Whipple, Perez's former attorney who represented her during the state post-conviction relief proceedings. On September 30, 2019, I granted Perez's motion for discovery in part, finding that "limited discovery is appropriate to ensure that facts alleged in Perez's tolling claims regarding post-conviction counsel are fully developed." ECF No. 119 at 17:7–8. I granted leave to conduct discovery for the following requests:

        From Bret Whipple, Esq. and/or the Justice Law Center:

        a. Any part of Perez's file, be it physical or electronic, that remains in Bret Whipple's custody or control, including all incoming and outgoing correspondence. Specifically, Perez seeks the seven boxes of her file that trial counsel gave to Whipple but which Whipple never provided to the FPD. If

        these boxes no longer exist, Whipple must provide Perez with a written declaration explaining why.
  b. A list of people who worked at or with the Justice Law Center from September 4, 2012, to February 4, 2015, who worked on Perez's case in any capacity. If no such list exists or cannot be complied, Whipple must provide Perez with a written declaration explaining why.
  c. Records detailing the total number of criminal cases handled by the Justice Law Center and Whipple in any court between September 4, 2012, to February 4, 2015, including the number of capital cases handled during that time, and the individual caseloads of each attorney, investigator, paralegal, or legal assistant who worked on Perez's case.
  d. Any billing or time-keeping records detailing how much time each attorney, investigator, paralegal, or legal assistant spent working on Perez's case.

*Id.* at 22:6–23.

Whipple was served with a subpoena on October 4, 2019, but he only partially complied. ECF No. 122. After multiple attempts to coordinate with Whipple, Whipple eventually produced eight boxes of case materials to Perez's counsel, but he did not provide any records to satisfy the remainder of the subpoena requests. Nor did he provide a written declaration stating why he was unable to fully comply with the subpoena or assert any objection or privilege explaining his non-compliance. Perez sought an order compelling Whipple to fully respond.[1]

I granted Perez's motion to compel on January 14, 2020. ECF No. 125. My order reiterated that Perez made a showing of good cause months earlier to justify obtaining discovery from Whipple. *Id.* at 3. I determined that Perez's subpoena requests are appropriate and are not overbroad, unduly burdensome, or being used as a means of harassment. *Id.* I thus ordered Whipple to fully respond to the following discovery requests by January 28, 2020:

  a. Perez's electronic file, including all incoming and outgoing correspondence.
  b. A list of individuals who worked at the Justice Law Center from September 4, 2012, to February 4, 2015, who worked on Perez's case in any

---

[1] Perez also sought an extension of the January 2, 2020 discovery deadline, which I granted. ECF No. 124. The discovery deadline was extended until February 24, 2020, and the deadline to file a renewed motion to dismiss was extended until March 9, 2020.

2

    capacity. If such a list cannot be produced, Whipple must disclose the names of each person who worked at the Justice Law Center between September 4, 2012, to February 4, 2015.
  c. Records detailing the total number of criminal cases handled by the Justice Law Center and Whipple in any court between September 4, 2012, to February 4, 2015, including the number of capital cases handled during that time, and the individual caseloads of each attorney, investigator, paralegal, or legal assistant who worked on Perez's case.
  d. Any billing or time-keeping records detailing how much time each attorney, investigator, paralegal, or legal assistant spent working on Perez's case.
  e. If Whipple is unable to respond to any of these requests, in whole or in part, he must provide Perez with a written declaration explaining why.

*Id.* at 3–4. I ordered Perez to promptly and personally serve Whipple, pursuant to Rule 4 of the Federal Rules of Civil Procedure,[2] with a copy of the order granting her motion to compel as well as the September 30, 2019 Order (ECF No. 119) and the subpoena.[3] *Id.* at 3.

**DISCUSSION**

Perez's current motion asks me to order Whipple to show cause why I should not find him in contempt for failing to comply with my January 14th order and set this matter for hearing.

**Legal Standards**

*Civil Contempt*

Federal courts have inherent power to enforce their lawful orders through contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990). Civil contempt consists of a contemnor's disobedience to a specific and definite court order by failure to take all reasonable steps within the contemnor's power to comply. *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). A district court has wide latitude in

---

[2] All references to a "Rule" or the "Rules" in this order refer to the Federal Rules of Civil Procedure.

[3] An investigator with the Federal Public Defender's office submitted a declaration stating that she personally served Whipple on January 16, 2020, at the Regional Justice Center. ECF No. 127-2 at 2, ¶ 6.

3

determining whether there has been a contemptuous defiance of its order. *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (quoting *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984)). "Civil contempt may be disciplined by fines, imprisonment, or both." *Desert Palace, Inc. v. Michael*, 370 F. Supp. 3d 1177, 1189–90 (D. Nev. 2019) (citing 18 U.S.C. § 401). "A civil contemnor 'carries the keys of his prison in his own pocket' because civil contempt is 'intended to be remedial by coercing the defendant to do what he had refused to do'." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)); *see also Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 207 (1999).

In addition to the courts' inherent power, Rule 45 authorizes a district court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Under Rule 45, a nonparty served with a subpoena has three options: (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3). Fed. R. Civ. P. 45. "Failure to serve timely objections may constitute a waiver of objections to the subpoena, other than objections to service." *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) (citation omitted).

"The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." *Inst. of Cetacean Research*, 774 F.3d at 945 (quoting *Dual–Deck*, 10 F.3d at 695) (internal quotation marks omitted). Once the moving party makes this showing, "the burden then shifts to the opposing party to demonstrate that he 'took every reasonable step to comply'." *Desert Palace*, 370 F. Supp. 3d at 1189–90 (quoting *Stone*, 968 F.2d at 856 n.9). "Intent is irrelevant to

a finding of civil contempt and, therefore, good faith is not a defense." *Stone*, 968 F.2d at 856 (collecting cases). "To assess the extent to which the contemnor has taken "every reasonable step" to comply with the court order, the court can consider "(1) a history of noncompliance and (2) failure to comply despite the pendency of a contempt motion." *Forsythe*, 281 F.R.D. at 587 (citation omitted).

### *Other Possible Discipline*

In addition to civil contempt, federal law and the Local Rules of Practice authorize disciplinary measures for attorneys who fail to comply with court orders. Under LR IA 11-8, the "court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: … (d) Fails to comply with any order of this court." This may include monetary sanctions:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In addition, an attorney who violates Model Rules of Professional Conduct adopted by the Supreme Court of Nevada, "or who fails to comply with this court's rules or orders, may be disbarred, suspended from practice before this court for a definite time, reprimanded, or subjected to other discipline as the court deems proper." LR IA 11-7(a). When a district judge "believes an attorney's conduct may warrant disbarment, reprimand, or other discipline by this court," the judge may issue a written report and recommendation to the Chief Judge for the initiation of disciplinary proceedings. LR IA 11-7(g)(1).

**Analysis**

Perez asserts that Whipple failed to comply with my January 14th order, despite receiving personal service of the orders and subpoena. She notes that the requested information is critical to her arguments regarding equitable tolling, and her only goal is to obtain the information Whipple was ordered to provide.

Given that Whipple has been a respected attorney in this district for many years, I am troubled by his alleged failure to comply with the subpoena or my January 14th order. His purported delay, piecemeal production of case materials responsive to the subpoena, and complete failure to respond to my January 14th order are inconsistent with his duty to take all reasonable steps to comply with court orders. If true, his conduct has increased the parties and the court's workload and unreasonably delayed final adjudication in this case.

I THEREFORE ORDER that petitioner Gladys Perez's Motion for Order to Show Cause Regarding Discovery from Attorney Bret Whipple **(ECF No. 126) is GRANTED.** I will hold a contempt hearing on **Friday, February 28, 2020, at 9:00 p.m.** in Las Vegas Courtroom 6C.

I FURTHER ORDER attorney Bret O. Whipple to **APPEAR AND SHOW CAUSE** why he should not be found in civil contempt or disciplined under the Local Rules of Practice and 28 U.S.C. § 1927. In addition to his personal appearance, Whipple may file a written response to this show cause order demonstrating why he should not be found in civil contempt or disciplined no later than **February 25, 2020**.

I FURTHER ORDER that Whipple's full response to the following requests by **February 21, 2020** will satisfy me that a finding of civil contempt is not warranted:

    a. Perez's electronic file, including all incoming and outgoing correspondence.
    b. A list of individuals who worked at the Justice Law Center from September 4, 2012, to February 4, 2015, who worked on Perez's case in

any capacity. If such a list cannot be produced, Whipple must disclose the names of each person who worked at the Justice Law Center between September 4, 2012, to February 4, 2015.
c. Records detailing the total number of criminal cases handled by the Justice Law Center and Whipple in any court between September 4, 2012, to February 4, 2015, including the number of capital cases handled during that time, and the individual caseloads of each attorney, investigator, paralegal, or legal assistant who worked on Perez's case.
d. Any billing or time-keeping records detailing how much time each attorney, investigator, paralegal, or legal assistant spent working on Perez's case.
e. If Whipple is unable to respond to any of these requests, in whole or in part, he must provide Perez with a written declaration explaining why.

I FURTHER ORDER Perez to promptly and personally serve Whipple, under Federal Rule of Civil Procedure 4, with a copy of this order as well as the prior orders (ECF Nos. 119 and 125) and the subpoena.

Dated: February 11, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE